**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 16, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

JOSE MARTINEZ-MAY, aka Enrique
Martinez,

      Defendant–Appellant.

No. 05-2307
(D.C. No. 04-CR-2520-RB)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Having pled guilty to Reentry of a Deported Alien Previously Convicted of

an Aggravated Felony in violation of 8 U.S.C. § 1326(a)(1) and (2), and 8 U.S.C.

§ 1326(b)(2), Jose Martinez-May now appeals his conviction and sentence. We

exercise jurisdiction pursuant to 28 U.S.C. § 1291, **AFFIRM** the conviction, and

**DISMISS** the claim of ineffective assistance of counsel.

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

In December 2004 Martinez-May was indicted for Reentry of a Deported Alien Previously Convicted of an Aggravated Felony in violation of 8 U.S.C. § 1326(a)(1) and (2), and 8 U.S.C. § 1326(b)(2). He initially entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and pled guilty. The government recommended a sentencing range of 63 to 78 months' imprisonment, based on an offense level of 19 and a criminal history category of VI. At the sentencing hearing, however, Martinez-May filed a motion to rescind the plea agreement, or, in the alternative, to withdraw his plea of guilty. After holding a brief hearing, the district court allowed Martinez-May to withdraw from the plea agreement, and Martinez-May again chose to plead guilty. The district court calculated Martinez-May's base offense level to be 21 with a criminal history category of VI, but determined that Martinez-May should receive a two-level downward departure based on his personal circumstances and sentenced him to 63 months' imprisonment, at the bottom of the guidelines range.

On appeal, counsel for Martinez-May has filed an Anders brief and moves to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738, 744 (1967) (allowing counsel who determines that any appeal would be wholly frivolous to advise the court of that fact, seek to withdraw as counsel, and submit a brief to the court referring to portions of the record that arguably support an appeal). In the Anders brief, counsel states that he cannot identify a non-

frivolous argument that Martinez-May's guilty plea was invalid or that his sentence was unlawful.

As is his right, Martinez-May filed a response to the <u>Anders</u> brief, raising solely a claim of ineffective assistance of counsel. We have previously held that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." <u>United States v. Galloway</u>, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). There is no reason to depart from that general rule.

After careful consideration of the record, we conclude that this appeal is meritless. Accordingly, Martinez-May's conviction is **AFFIRMED**, the claim of ineffective assistance of counsel is **DISMISSED**, and counsel's motion to withdraw is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge